**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NGO Development Corporation, Inc. | : | |
| 1500 Granville Road | : | |
| Newark, Ohio 43055 | : | Case No. |
| | : | |
| | : | Judge |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Ascent Resources – Utica, LLC | : | |
| 3501 NW 63rd Street | : | |
| Oklahoma City, Oklahoma 73116 | : | |
| | : | |
| and | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| Ascent Utica Minerals, LLC | : | |
| 3501 NW 63rd Street | : | |
| Oklahoma City, Oklahoma 73116 | : | |
| | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff NGO Development Corporation, Inc. alleges the following based on personal knowledge, investigation of counsel, and belief:

**PARTIES**

1. Plaintiff NGO Development Corporation, Inc. is an Ohio corporation. It is an oil-and-gas exploration and production company, with headquarters in Newark, Ohio.

2. Defendant Ascent Resources – Utica, LLC is a limited liability company with headquarters in Oklahoma City, Oklahoma. Ascent Resources – Utica, LLC is also an oil-and-gas exploration and production company.

3. Ascent Resources – Utica, LLC is wholly owned by Ascent Resources, LLC, also of Oklahoma City.

4. Defendant Ascent Utica Minerals, LLC is a limited liability company with headquarters in Oklahoma City, Oklahoma.  Ascent Utica Minerals, LLC is a holding company that procures mineral ownership in properties in Ohio.

5. Ascent Utica Minerals, LLC is wholly owned by Ascent Resources, LLC, also of Oklahoma City.

## JURISDICTION AND VENUE

6. This case addresses the oil-and-gas mineral rights, and which entity may develop those oil-and-gas mineral rights, in an 85-acre tract in Warren Township, Belmont County, Ohio. (The "subject property.")

7. On March 14, 1901, the owners of this 85-acre tract, Theodore and Cassie Price, husband and wife, signed an oil-and-gas lease with United Gas Company to produce natural gas and oil from the subject property. That oil-and-gas lease is attached as <u>Exhibit 1</u> and was recorded in the Oil and Gas Book at Volume 22, Page 258, with the Belmont County Recorder's office. (The "subject lease.")

8. Plaintiff NGO Development, Inc. is the latest successor to the lessee's interest in this lease and has been producing natural gas from this leasehold for over thirty years.

9. Jurisdiction arises under 28 U.S.C. § 1332(a) because (i) Plaintiff is a citizen of a state different from Defendants, and (ii) the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Defendants are subject to the jurisdiction of this Court under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 115(b)(2) because each is registered to do business in, and does business in, this District.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because Defendants transact business in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## FACTS

12. This case addresses whether the subject 1901 oil-and-gas lease, Exhibit 1, continues as an active lease, and if so, to confirm that Plaintiff NGO Development, Inc., as the current lessee, possesses the exclusive right to extract oil, gas, or other hydrocarbons from the subject premises.

13. After the subject lease was signed in 1901, the lessee drilled a well, identified as the Consolidated Coal 1-281-G Well, API No. 3401360840000, which was completed on or around December 23, 1902.

14. This well has continuously produced oil and gas in paying quantities.

15. Indeed, for at least the last 21 years, NGO Development Corporation has operated this well, continuously producing natural gas for commercial sale, and in large quantities, sufficient to yield continuous profits to NGO Development.

16. Under Ohio law, an oil-and-gas lease, in its entirety, will perpetuate indefinitely in its secondary term so long as the leasehold has continuously produced oil or gas in paying quantities, i.e., sufficient to yield a profit, as determined by the good faith judgment of the lessee. *Hupp v. Beck Energy Corp.*, 2014-Ohio-4255 (7th Dist. 2014).

17. Moreover, an oil-and-gas lease creates a vested property interest in the lessee, such that during the term of the lease, "the lessor [the mineral owner] relinquishes his or her ownership interest in the oil and gas underlying the property in favor of the lessee's exclusive right to those resources." *Browne v. Artex Oil Company*, 158 Ohio St.3d 398, ¶ 23 (2019).

18. Accordingly, NGO Development, Inc., as the lessee of the subject lease, possesses the exclusive right to develop and produce all oil, gas, or other hydrocarbons from the subject property.

19. At some point in time, Defendant Ascent Utica Minerals, LLC, procured the mineral rights underlying the subject property, and hence holds the "lessor's" interest in the subject lease.

20. Thereafter, as an affiliated company, Ascent Resources – Utica, LLC, the exploration and production arm of Ascent Resources, began preparations to include the subject property within an Ascent drilling unit in order to withdraw oil and gas from the subject property and those surrounding properties contained within a drilling unit.

21. To wit, Ascent Resources – Utica, LLC, filed an application for unitization with the Ohio Department of Natural Resources, per Ohio Revised Code § 1509.28, to create the "Rock Ridge SW WRN BL Unit" consisting of 612.103 acres.

22. A portion of the subject property was contained within the unit application, listing Ascent Utica Minerals, LLC as the "Mineral Owner."

23. Despite protestations by NGO Development, Inc., the Ohio Department of Natural Resources approved the unit application on February 7, 2024. ("Order by the Chief" attached as Exhibit 2.)

24. Based upon publicly-available documents, Ascent Resources – Utica, LLC is drilling multiple wells to extract oil and gas from this unit, which includes the subject property. To wit, Ascent is drilling two wells, the Rock Ridge SW WRN BL 4H and Rock Ridge WRN BL 2H wells (API Nos. 3401215890000 and 34013215900000), which have not yet been completed as last reported.

25. Any withdrawal of oil or gas from the subject property, or within any unit in which the subject property is contained, would be in violation of Plaintiff NGO Development, Inc.'s exclusive rights to extract oil or gas from the subject property—from any depth.

26. Absent intervention by this Court, Plaintiff NGO Development, Inc. will suffer irreparable harm.

**CLAIM ONE**
**DECLARATORY JUDGMENT**
**O.R.C. § 2721.03**
**AND**
**TO QUIET TITLE**

27. All paragraphs of this Complaint are expressly incorporated as if fully rewritten and re-alleged herein.

28. There has been sufficient, continuous commercial production of oil and gas from the subject property for the subject oil and gas lease of March 14, 1901 to remain in effect.

29. Accordingly, Plaintiff is entitled to (1) a declaration that the March 14, 1901 Oil and Gas Lease recorded at the Oil and Gas Book at Volume 22, Page 258, with the Belmont County Recorder's Office remains in full force and effect; (2) an order quieting title to the leasehold's lessee interest in the Plaintiff; and (3) an order confirming that Plaintiff retains the exclusive rights to extract oil or gas from the

subject property, from all depths, to the exclusion of all others, including the Defendants.

## CLAIM TWO
## INJUNCTIVE RELIEF

53. All paragraphs of this Complaint are expressly incorporated as if fully rewritten and re-alleged herein.

54. The Plaintiff will suffer immediate and irreparable injury absent the Court's intervention.

55. There is a strong likelihood of Plaintiff's success on the merits.

56. Issuance of an injunction will not cause substantial harm to others.

57. The public interest will be served by issuance of an injunction.

58. The Plaintiff is accordingly entitled to injunctive relief, both temporary and permanent, to prevent the Defendants from extracting oil, gas, or other hydrocarbons from the subject property, to include an injunction to prevent any further completion of the Rock Ridge SW WRN BL 4H and Rock Ridge WRN BL 2H wells (API Nos. 3401215890000 and 34013215900000).

## CLAIM THREE
## CONVERSION

59. All paragraphs of this Complaint are expressly incorporated as if fully rewritten and re-alleged herein.

60. To the extent that the Defendants have, or will during the course of this litigation absent the Court's intervention, extract oil, gas, or other hydrocarbons from the subject property or lands unitized with the subject property, this constitutes a wrongful exercise of dominion or control of property belonging to the Plaintiff, causing the Plaintiff to sustain damage.

6

61. Defendants accordingly are, or will become, liable for conversion, entitling the Plaintiff to compensatory damages.

## CLAIM FOUR
## TRESPASS

62. All paragraphs of this Complaint are expressly incorporated as if fully rewritten and re-alleged herein.

63. To the extent that the Defendants have, or will during the course of this litigation absent the Court's intervention, extract oil, gas, or other hydrocarbons from the subject property or lands unitized with the subject property, this constitutes an intentional unlawful entry upon, or within, the real property rights of the Plaintiff.

64. Defendants accordingly are, or will become, liable for trespass, entitling the Plaintiff to compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

1. An Order, per O.R.C. § 2721.03, declaring that the Oil and Gas Lease of March 14, 1901 Oil and Gas Lease recorded at Oil and Gas Book at Volume 22, Page 258, with the Belmont County Recorder's office remains in full force and effect;

2. An Order, quieting title in the mineral estate of the subject property in Plaintiff NGO Development, Inc.;

3. Equitable relief, to include an injunction directing the Defendants to cease all efforts to extract oil, gas, or other hydrocarbons from the subject property and lands unitized with the subject property, and specifically, an injunction directing the Defendants to cease any further completion of the Rock Ridge SW WRN BL 4H and Rock Ridge WRN BL 2H wells (API Nos. 3401215890000 and 34013215900000).

4. Compensatory damages exceeding $75,000;

5. Pre-judgment interest;

6. Post-judgment interest;

7. Costs of this action;

8. Attorney's fees and costs involved in prosecution of this lawsuit; and

9. Any other relief this Court deems just and appropriate.

Respectfully submitted,

   */s/ Ethan Vessels*
**Ethan Vessels** (0076277)
FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 Second Street
Marietta, Ohio 45750
Telephone (740) 374-5346
Facsimile (740) 374-5349
ethan@fieldsdehmlow.com
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a jury on all issues so triable.

   *//s//Ethan Vessels*
**Ethan Vessels**
Attorney for Plaintiff